IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

STEPHANIE NICOLE MACKIE-HATTEN,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:20-00180

WARDEN REHERMAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on September 28, 2022, in which he recommended that the district court dismiss plaintiff's petition for a writ of habeas corpus and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Mackie-Hatten filed objections to the PF&R. See ECF No. 10.

On March 11, 2020, plaintiff filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. Mackie-Hatten challenges disciplinary action taken against her on August 14, 2019, by the Federal Bureau of Prisons ("BOP") while she was in custody at Federal Prison Camp ("FCP") Alderson, West Virginia. Magistrate Judge Aboulhosn recommended that Mackie-Hatten's petition be denied because her claims were not cognizable under Section 2241.

In her objections, plaintiff does not grapple with the analysis in the PF&R which explains why her petition should be dismissed. Instead, she argues that her failure to exhaust administrative remedies should be excused. Significantly, the PF&R does not recommend dismissal based upon plaintiff's failure to exhaust administrative remedies. Mackie-Hatten does not even address the thrust of the PF&R: that her claims are not cognizable under 28 U.S.C. § 2241. Her objections are therefore irrelevant and unresponsive to the reasoning contained in the PF&R and must be overruled on that ground as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 7th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge

3